UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN JOSEPH FADER,

        Plaintiff,

v.

BERRADA DRISS, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05264-JCC-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint under 42 U.S.C. § 1983 (Dkt. 1) and on referral from the District Court.

Plaintiff's proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted.

However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein. If plaintiff chooses to amend his proposed complaint,

he must file his amended proposed complaint on the Court's form, on or before **May 21, 2021**. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

The Court further notes that plaintiff has filed a motion to proceed *in forma pauperis* in this matter. Should plaintiff's motion be granted, he will nevertheless be required to make partial payments toward the $350 filing fee. Because at present, it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma pauperis* motion at this time. Instead, the Clerk shall renote the *in forma pauperis* motion for the Court's consideration on May 21, 2021. Thus, if plaintiff chooses not to proceed with this case, then he will not be required to make partial payments toward the $350 filing fee, which is what he would be required to pay if the Court granted plaintiff's request for *in forma pauperis* status at this time.

## BACKGROUND

Plaintiff, who is incarcerated at Coyote Ridge Corrections Center, initiated this matter April 9, 2021, by filing the IFP motion and his proposed complaint. Dkt. 1. Plaintiff brings suit against a doctor (Dr. Berrada Driss) and the Grays Harbor Community Hospital—both of whom appear to have treated plaintiff while he was in jail. Dkt. 1-1, at 3. Plaintiff alleges that he was hospitalized at the Hospital for four days in 2019 for a leg infection before he was returned to jail. *See* Dkt. 1-1, at 4–5. According to plaintiff, "the doctors" told plaintiff he would be fine, but his infection returned within two days of his return to jail, even worse than before. Dkt. 1-1, at 5. Plaintiff appears to seek damages. Dkt. 1-1, at 9.

///

**II. Analysis of Plaintiff's Claims**

The Court interprets plaintiff's complaint as alleging a claim of medical deliberate indifference to plaintiff. Although plaintiff is now a convicted and sentenced state prisoner, he appears to have been in "jail" (and likely a pretrial detainee) at the time of the events at issue. Dkt. 1-1, at 6. This distinction is material.

If plaintiff is alleging that he was a *pretrial detainee* at the time, he must show that Dr. Driss was deliberately indifferent to him under the objective standard set forth in *Gordon v. Cty. of Orange*, 888 F.3d 1118 (9th Cir. 2018), by establishing that—

> the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn[ ] on the facts and circumstances of each particular case. . . . The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment. . . . Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard.

*Gordon*, 888 F.3d at 1125 (internal quotation marks and citations omitted).

Here, plaintiff simply alleges that he was not properly treated, but he does not include any allegations tending to show that Dr. Driss was deliberately indifferent.

Alternatively, if plaintiff was a *convicted and sentenced prisoner* at the time of the alleged deliberate indifference, he must allege that Dr. Driss was deliberately indifferent toward him under the standard set forth in *Farmer v. Brennan*: the defendant must have "know[n] of and disregard[ed] an excessive risk to inmate health or safety; the [defendant] must both [have

1    been] aware of facts from which the inference could be drawn that a substantial risk of serious

2    harm exists, and he must also [have drawn] the inference." 511 U.S. 825, 837 (1994).

3          Moreover, regardless of whether plaintiff was a convicted prisoner or a pretrial detainee

4    at the time, in support of a claim for damages, he must specifically allege what actions Dr. Driss

5    took or failed to take that led to the alleged constitutional deprivation. *See Johnson v. Duffy*, 588

6    F.2d 740, 743–44 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a

7    constitutional right, within the meaning of section 1983, if he does an affirmative act,

8    participates in another's affirmative acts, or omits to perform an act which he is legally required

9    to do that causes the deprivation of which complaint is made. . . . Moreover, personal

10   participation is not the only predicate for section 1983 liability. Anyone who 'causes' any

11   citizen to be subjected to a constitutional deprivation is also liable. The requisite causal

12   connection can be established not only by some kind of direct personal participation in the

13   deprivation, but also by setting in motion a series of acts by others which the actor knows or

14   reasonably should know would cause others to inflict the constitutional injury." (Internal citation

15   omitted.)).

16         As for plaintiff's claim against the Hospital, because the Hospital is a private entity being

17   sued under § 1983, plaintiff must do more than simply allege that the Hospital is liable on the

18   basis of supervisory liability. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir.

19   2012). That is, plaintiff must allege facts sufficient to show that the Hospital is not liable simply

20   because they employed Dr. Driss or other staff but because a Hospital policy, practice, or

21   custom, or order by a policy-making employee, caused the constitutional violation. *See id.*; *see*

22   *also id.* at 1143–46 (setting forth various ways in which a private entity can be liable for a

23   constitutional violation). Plaintiff makes no such allegations here and instead appears to be

24

simply arguing that the Hospital is liable for employing staff who violated plaintiff's constitutional rights. This is inadequate.

### CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK'S OFFICE

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action, plaintiff must file a signed and dated amended complaint and within the amended complaint, plaintiff must write a short, plain statement telling the Court: (1) each constitutional right or statute that plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If plaintiff still wishes to pursue a § 1983 claim, then plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly written or typed in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint and not as a supplement. An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the

amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **May 21, 2021**, the undersigned will recommend dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(e).

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and a copy of this Order. And the Clerk's Office shall renote the motion to proceed *in forma pauperis* (Dkt. 1) for May 21, 2021.

Dated this 22nd day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge