UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN JOSEPH FADER,

            Plaintiff,

v.

DRISS BERRADA,

           Defendant.

Case No. C21-5264 TSZ-TLF

REPORT AND RECOMMENDATION

Noted for December 10, 2021

This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Dkt. 12. Plaintiff, pro se, brings this action under 42 U.S.C. § 1983 alleging that defendant violated plaintiff's rights by providing inadequate medical care.

For the reasons set forth below, the Court should GRANT defendant's motion to dismiss pursuant to FRCP 12(b)(6). The undersigned recommends the Court dismiss plaintiff's cause of action with leave to amend.

**A. Motion to Stay**

Plaintiff has filed a motion to stay requesting that the Court stay this action until January 2, 2023. Dkt. 21. Defendant has opposed the motion to stay. Dkt. 22. The undersigned recommends that the Court deny plaintiff's motion to stay.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1109 (9th Cir. 2005), *citing, Landis v. North*

*American Co.,* 299 U.S. 248, 254 (1936). The Court's broad discretion to stay a proceeding is "incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

When determining whether a stay is appropriate, the court must weigh the competing interests that will be affected by granting or denying the stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). These interests include, "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Plaintiff is requesting that the Court stay this proceeding until he is released from his current incarceration because he believes it will be easier to find an attorney to litigate this action once he is no longer incarcerated. Dkt. 21. There is no indication that plaintiff's access to the Court is currently restricted or that plaintiff is unable to litigate this action *pro se*. The interests of justice and equity do not support staying this action for over a year until plaintiff is no longer incarcerated.

The defendant would potentially be prejudiced by delay, because the witnesses may have poor memory of the events as time passes, and it may be more difficult to locate witnesses if the plaintiff's request for a stay is granted. Based on the balance of the parties' interests, the Court should DENY plaintiff's motion to stay.

REPORT AND RECOMMENDATION - 2

## B. Motion to Dismiss

### Facts

The facts as described are alleged in the complaint and are assumed to be true only for the purposes of reviewing this motion. *Cedar Point Nursery v. Shiroma*, 923 F.3d 524, 530 (9th Cir. 2019).

In July 2019, the plaintiff's right leg became infected, resulting in significant pain, including severe discomfort while walking. Dkt. 7 at 4, 5. The complaint does not clarify when his leg initially became infected -- before or during the plaintiff's detention (or, if this was post-conviction, his incarceration) in jail.

On July 18, 2021, while the plaintiff was in jail, he was sent to the hospital and received medical treatment from Dr. Driss Berrada, the defendant. *See* Dkt 7 at 5, 6. The complaint does not clarify whether plaintiff was a pretrial detainee, or convicted prisoner, when he received medical care from defendant, nor does it specify in which jail or facility plaintiff was incarcerated[1]. Plaintiff spent four days at the hospital receiving treatment. Dkt. 7 at 5. Plaintiff states that his doctor informed him that the prescribed medicine would cure the infection. Dkt. 7 at 5, 6, 8.

Plaintiff's infection appeared to improve and on July 21, 2021, plaintiff was released from the hospital. *See* Dkt. 7 at 5, 6. However, the infection worsened after returning to jail and required further treatment from the jail's medical facility. Dkt. 7 at 8. Plaintiff's leg continues to "hurt [him] every day." Dkt. 7 at 7. Plaintiff expresses that he believes the doctor gave him the wrong medicine and should have administered different treatment before allowing plaintiff to return to jail. Dkt. 7 at 5, 7, 8.

---

[1] The word "jail" will be used through the Report and Recommendation because "jail" is used consistently in the Complaint to describe the incarceration facility.

REPORT AND RECOMMENDATION - 3

## Standard

To survive a FRCP 12(b)(6) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A claim is plausible on its face if the pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678. When evaluating a 12(b)(6) motion, the court may only consider the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Cedar Point Nursery*, 923 F.3d at 530.

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id.* Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

REPORT AND RECOMMENDATION - 4

Plaintiff must set forth the specific factual basis upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### Analysis

Plaintiff does not specify if, at the time the allegedly inadequate medical care was provided, he was a pretrial detainee or convicted prisoner. As a result, it is unclear if his claim arises under the Eighth or Fourteenth Amendment. Under either standard, the complaint fails to state a claim.

### Fourteenth Amendment

Pretrial detainees' Fourteenth Amendment claims of constitutionally inadequate medical care are evaluated under an "objective deliberate indifference standard" that does not require proof of the prison official's actual awareness of a risk to the detainee. *Gordon v. Cty. Of Orange,* 888 F.3d 1118, 1124–1125, 1125 n.4 (9th Cir. 2018). The elements of a pretrial detainee's medical care claim are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016).

To prove the third element, the plaintiff must show the defendant's conduct is objectively unreasonable, which will require consideration of the facts unique to each

REPORT AND RECOMMENDATION - 5

circumstance. *Castro*, 833 F.3d at 1071. However, "mere lack of due care" by a defendant is insufficient to establish liability. *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071). Rather, the detainee must "prove more than negligence," although "less than subjective intent" i.e., "something akin to reckless disregard." *Gordon*, 888 F.3d at 1125. Additionally, mere negligence or medical malpractice are insufficient to establish deliberate indifference. *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020). Further, a difference of opinion between a physician and a prisoner, regarding the appropriate course of treatment does not amount to deliberate indifference. *Id.*

Plaintiff's allegations do not assert plausible facts to support the third element of the *Castro* medical care claim requirements. Specifically, plaintiff does not allege facts to show that defendant "did not take reasonable available measures to abate" the risk of the plaintiff's infection. Plaintiff alleges that defendant should have implemented a different treatment plan, but the complaint does not factually support an assertion that the defendant's treatment or medical decisions were unreasonable. These allegations are insufficient to show objective deliberate indifference. *Edmo*, 949 F.3d at 495. Additionally, the plaintiff does not allege a factual basis for showing the defendant exhibited a "reckless disregard," as required by *Castro*. 833 F.3d at 1071.

Based on the foregoing discussion, plaintiff's complaint does not state a claim under Section 1983 for a violation of Fourteenth Amendment rights.

### Eighth Amendment

To state an Eighth Amendment claim based on post-conviction incarceration medical treatment, the plaintiff must demonstrate deliberate indifference to his serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A determination of deliberate indifference involves an examination of two elements: (1) the seriousness of

REPORT AND RECOMMENDATION - 6

1  the prisoner's medical need and (2) the nature of the defendant's response to that need.
2  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

3        An official is deliberately indifferent to a serious medical need if the official "knows
4  of and disregards an excessive risk to inmate health or safety". *Farmer v. Brennan*, 511
5  U.S. 825, 837 (1994). Unlike the Fourteenth Amendment standard, under the Eighth
6  Amendment there is a subjective component – the plaintiff must prove the official knew
7  of and disregarded an excessive risk – this requires that "the official must both be aware
8  of facts from which the inference could be drawn that a substantial risk of serious harm
9  exists, and [they] must also draw the inference." *Farmer v. Brennan,* 511 U.S. at 837.
10 Like a Fourteenth Amendment medical mistreatment claim, an allegation that a physician
11 has been negligent in diagnosing or treating a prisoner is not sufficient for a valid Eighth
12 Amendment claim. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Similarly, a mere
13 difference of opinion between the defendant and plaintiff regarding the appropriate course
14 of treatment is insufficient to establish an Eighth Amendment violation. *Edmo*, 949 F.3d
15 at 495.

16       The plaintiff's allegations do not plausibly show the defendant subjectively was
17 aware of facts concerning a significant risk, nor has plaintiff alleged facts to plausibly
18 support an allegation that the defendant drew an inference of a substantial risk of serious
19 harm. Therefore, plaintiff fails to state an Eighth Amendment claim for deliberate
20 indifference to serious medical needs. The complaint confirms the plaintiff was treated by
21 the defendant, even if the defendant's treatment was ultimately ineffective. An inadvertent
22 failure to provide adequate medical care is insufficient for a valid claim of medical
23 mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105–106

24

25

(1976). Therefore, the complaint does not state a claim under Section 1983 for a violation of Eighth Amendment rights.

### Leave to Amend

When a *pro se* litigant's complaint fails to state a claim upon which relief may be granted, the Court generally grants the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend when amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

While plaintiff's complaint fails to allege sufficient facts to state a cognizable Section 1983 claim, it does not appear that amendment would be futile. Accordingly, the undersigned recommends that the Court grant plaintiff leave to amend.

### CONCLUSION

Based on the foregoing, the undersigned recommends that the Court GRANT defendant's motion to dismiss for failure to state a claim, without prejudice and with leave to amend.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2).

Accommodating the above time limit, the Clerk shall set this matter for consideration on **December 10, 2021**, as noted in the caption.

Dated this 24th day of November, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9