UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEVIN JOSEPH FADER,

    Plaintiff,

  v.

DRISS BERRADA, M.D.,

    Defendant.

C21-5264 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, docket no. 23, to which no objection has been filed. Plaintiff pro se Kevin Joseph Fader, who is currently incarcerated at Coyote Ridge Corrections Center in Connell, Washington, brings this action against Driss Berrada, M.D., for allegedly poor medical treatment he received at Grays Harbor Community Hospital, also known as Harbor Regional Health Community Hospital, located at 915 Anderson Drive in Aberdeen, Washington, which is the address listed for Dr. Berrada in the operative pleading. *See* Compl. (docket no. 7). The complaint does not indicate the legal theory or theories under which plaintiff sues Dr. Berrada, but the two most likely candidates are (i) violation of 42 U.S.C. § 1983; and (ii) negligence.

ORDER - 1

1          Dr. Berrada has filed a motion, docket no. 12, to dismiss any § 1983 claim and any
2    state-law claim **with** prejudice.  The R&R assumes that plaintiff is pursuing a claim
3    under § 1983, and recommends dismissal, **without** prejudice and with leave to amend, for
4    failure to adequately state a claim of deliberate indifference under either the Eighth or
5    Fourteenth Amendment.  The R&R does not, however, analyze whether Dr. Berrada was
6    acting under color of state law when the medical services at issue were allegedly
7    provided to plaintiff.  See <u>Clewis v. Cal. Prison Health Care Servs.</u>, No. 2:09-cv-2120,
8    2013 WL 2482521, at *4–6 (E.D. Cal. June 10, 2013) (concluding that "a health care
9    provider not contracted to the state[, which] has a preexisting commitment to serve all
10   persons who present themselves for emergency treatment" is not a state actor for
11   purposes of § 1983 with respect to the treatment of inmates).  The record contains no
12   factual allegations or evidence from which the Court can determine whether Dr. Berrada
13   qualifies as a state actor.  To the extent he does not, plaintiff cannot pursue a claim under
14   § 1983.  To the extent he does, the Court agrees with the R&R that the complaint does
15   not sufficiently plead facts plausibly showing the requisite deliberate indifference, but
16   that amendment is not futile.
17          With respect to any state law claims, the R&R does not address Dr. Berrada's
18   argument that plaintiff failed to provide the pre-litigation tort-claim notice required by
19   RCW 4.96.020.  The tort-claim-notice issue raised by Dr. Berrada is a reason, in addition
20   to those set forth in the R&R, for denying plaintiff's motion, docket no. 21, to stay these
21   proceedings until January 2023, after plaintiff is released from prison.  If plaintiff must
22
23

ORDER - 2

comply with RCW 4.96.020, a stay might result in plaintiff failing to do so within the three-year limitations period applicable to negligence claims.

The R&R also does not consider Dr. Berrada's suggestion that, if the § 1983 claim does not survive, the Court should decline to exercise supplemental jurisdiction over any state law claims. Whether the Court would have only supplemental, as opposed to diversity, jurisdiction over any state law claims is unclear. The record is silent concerning Dr. Berrada's current place of residence, as well as the amount in controversy.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Report and Recommendation, docket no. 23, is ADOPTED as follows:

    (a) Plaintiff's motion to stay, docket no. 21, is DENIED;

    (b) Defendant's motion to dismiss, docket no. 12, is GRANTED in part (as to dismissal of any § 1983 claim), DENIED in part (as to such dismissal being with prejudice), and DEFERRED in part (as to dismissal of any state-law claims);

    (c) Plaintiff's complaint, docket no. 7, is DISMISSED in part (as to any § 1983 claim) without prejudice and with leave to amend by a deadline to be set by Magistrate Judge Fricke; and

    (d) The deferred portion of defendant's motion to dismiss and this matter are REFERRED back to Magistrate Judge Fricke for further proceedings.

(2) The Clerk is directed to send a copy of this Order to all counsel of record, to plaintiff pro se, and to Magistrate Judge Fricke.

ORDER - 3

IT IS SO ORDERED.

Dated this 16th day of December, 2021.

                                               Thomas S. Zilly
                                               United States District Judge

ORDER - 4