1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN JOSEPH FADER,

               Plaintiff,

    v.

DRISS BERRADA,

              Defendant.

Case No. 21-5264-TSZ-TLF

REPORT AND
RECOMMENDATION

Noted for June 24, 2022

      This matter comes before the Court on the Court's Order Setting Amended Complaint Deadline (Dkt. 25) and defendant's Motion to Dismiss (Dkt. 26). For the reasons set forth below, the Court should dismiss plaintiff's complaint without prejudice.

      Plaintiff initially filed this action alleging that the defendant provided poor medical treatment for a leg infection. Dkt. 7, Complaint. The complaint was filed as a prisoner civil rights claim under 42 U.S.C. § 1983 but the complaint does not identify the basis for plaintiff's cause of action. Dkt. 7. Defendant filed a motion to dismiss arguing that to the extent plaintiff was bringing a cause of action under 42 U.S.C. § 1983 alleging violation of plaintiff's Eighth Amendment rights, the Court should dismiss plaintiff's claim because plaintiff failed to allege deliberate indifference. Dkt. 12 at 5-8. Defendant's motion also argued that to the extent plaintiff was attempting to raise a state law claim, the Court should dismiss the claim because plaintiff failed to comply with the requisite tort claim notice procedures set forth in RCW 4.96.020 prior to filing the action. Dkt. 12 at 8-9.

Defendant also argued the Court should decline to exercise supplemental jurisdiction over any state law claims in the absence of a cognizable claim under 42 U.S.C. § 1983. Dkt. 12 at 9.

The Court filed a Report and Recommendation recommending defendant's motion should be granted and plaintiff's claims should be dismissed without prejudice and with leave to amend. Dkt. 23. The Court adopted the Report and Recommendation and referred the matter for further proceedings. Dkt. 24. The Court set the deadline for plaintiff to file a proposed amended complaint curing, if possible, the deficiencies in the complaint identified in the Report and Recommendation (Dkt. 23) and the Order Adopting Report and Recommendation (Dkt. 24). The Court set the deadline for plaintiff to file a proposed amended complaint for February 4, 2022. Dkt. 25.

Plaintiff has not filed an amended complaint and has not filed a motion requesting extension of time to file the amended complaint. Defendant has filed a motion to dismiss requesting that the Court dismiss this action. Dkt. 26.

A. Federal Claims

Plaintiff has not filed an amended complaint correcting the deficiencies identified in the Court's Report and Recommendation (Dkt. 23) and Order (Dkt. 24). Therefore, the Court should dismiss plaintiff's federal claims without prejudice for failure to prosecute.

B. State Law Claims

The Court previously deferred consideration of plaintiff's state law claims and rereferred this issue to the undersigned. Dkt. 24. It is unclear from the complaint

whether plaintiff is attempting to raise any state law causes of action. Yet, to the extent that plaintiff raises state law claims, the Court should dismiss these claims.

To the extent that plaintiff is raising state law claims, the Court would not have original subject matter jurisdiction over plaintiff's state law claims. Pursuant to 28 U.S.C. § 1332, the District Court has diversity jurisdiction over all civil actions where the amount in controversy is greater than $75,000 exclusive of interest and costs, and where the civil action is between citizens of different states. Plaintiff's complaint alleges that he is a resident of Washington. Dkt. 7. The complaint states that defendant is also a resident of Washington. Dkt. 7. Defendant has clarified that he is a resident of Washington. Dkt. 26.

Accordingly, because plaintiff and defendant are both residents of Washington, the Court lacks diversity jurisdiction over plaintiff's state law claims. Additionally, because plaintiff's complaint fails to state a cause of action under 42 U.S.C. § 1983 and the only potentially remaining claims are state law claims, the Court also lacks federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts have supplemental jurisdiction to consider state-law claim when they are so related to the federal claims that they "form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is designed to promote "judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). But, when all federal claims have been dismissed, the interests promoted by supplemental jurisdiction are no longer present, and a court may decline to exercise jurisdiction over state-law claims.  28 U.S.C. § 1367(c); *Carnegie-Mellon*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-

1   law claims are eliminated before trial, the balance of factors to be considered under the

2   pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will

3   point toward declining to exercise jurisdiction over the remaining state-law claims.").

4       Because the Court is recommending dismissal of plaintiff's federal claims, the

5   Court recommends declining supplemental jurisdiction over plaintiff's state law claims.

6   28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental

7   jurisdiction over a claim under subsection (a) if … (3) the district court has dismissed all

8   claims over which it has original jurisdiction.").

9                           IN FORMA PAUPERIS STATUS ON APPEAL

10      The Court must also decide whether plaintiff's *in forma pauperis* status should

11  continue on appeal. *See* 28 U.S.C. § 1915(a)(3) ("an appeal may not be taken *in forma*

12  *pauperis* if the trial court certifies in writing that it is not taken in good faith."). The Court

13  must determine whether appeal is frivolous or malicious, or whether it fails to state a

14  claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).

15      Plaintiff has failed to comply with the Court's order and has failed to prosecute

16  this action. Any appeal would be frivolous or taken in bad faith. Accordingly, the Court

17  recommends that *in forma pauperis* status should not continue on appeal.

18                                      CONCLUSION

19      Based on the foregoing, the Court should GRANT defendant's motion to dismiss.

20  Dkt. 26. The undersigned recommends the Court dismiss plaintiff's federal claims for

21  failure to prosecute. The undersigned also recommends that the Court decline to

22  exercise supplemental jurisdiction over plaintiff's state law claims and dismiss plaintiff's

23

24

25

state law claims without prejudice. Plaintiff should not proceed *in forma pauperis* on appeal.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on June 24, 2022.

Dated this 7th day of June, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5